**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**

**Docket No. CR-**   CR 01-00358(A)-CAS
CR 01-00359-CAS

**Defendant**   ALBERT EDWARD TALTON

**Social Security No.**

akas: Talton A.; Talton Al; Michael Talton; Michael Dill, John Williams; Mike John Thomas; Mike Lee Thomas; Darryl Simms; Phillip Alfonso Cabrillo; Phillip Alfonason Cabril

**& Residence Address**

**Mailing Address**

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 12 | 9 | 2002 |

**COUNSEL**   [ ] **WITH COUNSEL**   FRED WARNER, Ret.
(Name of Counsel)

**PLEA**   [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDRE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of   [x] **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Bank Fraud (as charged in Count 1 of 5-Count First Superseding Indictment in CR 01-00358(A) in Violation of 8 USC1344; and Count 1 of a 10-Count Indictment as charged in CR 01-00359.

**JUDGMENT AND PROB./COMMITMENT ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.
It is ordered that the defendant shall pay restitution in the total amount of $366,791.51 pursuant to 18 USC 3663A. ***The defendant and his convicted co-participants, Louise Shaunae Jancu, Jonathan Christopher Slack, and Jennifer Elaine West, will be held jointly and severally liable for the total amount of restitution.** The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| Washington Mutual Bank
9200 Oakdale Ave. N110102
Chatsworth, CA 91311
ATT: Cesar Terrientes,
   Fraud Investigator | $350,091.98 |
| Wells Fargo Bank
3340 Walnut Ave., Bldg.
Freemont, CA 94538
ATT: Nadia Bezdenenih,
   Retail Fraud | $ 16,699.53 |
| TOTAL: | $366,791.51 |

**United States District Court**   Page __2__ of __5__

CR-104 (10/02)   JUDGMENT & PROBATION/COMMITMENT ORDER

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Docket No. <u>CR01-358(A)/ 01-359-CAS</u> |
| vs | |
| **Defendant** <u>ALBERT EDWARD TALTON</u> | DATE: <u>December 9, 2002</u> |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

**continued from page 1**

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of $175  shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall comply with General Order No. 01-05.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Albert Edward Talton, is hereby committed on Count 1 of the First Superseding Indictment for Docket No. 01-00358 and on Count 1 of the Indictment for Docket No. 01-00359 to the custody of the Bureau of Prisons to be imprisoned for a term of **SIXTY THREE (63) months**.  This term consists of 63 months on Count 1 for Docket No. 01-00358(A) and 63 months on Count 1 of Docket No. 01-00359, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years.  This term consists of five years for Count 1 of Docket No. 01-00358(A) and five years for Count 1 of Docket No. 01-00359, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer.  The defendant shall abstain from using illicit drugs, using alcohol, and abusing prescription medications during the period of supervision;

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency and/or alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer;

4. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; and

5. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; further, the defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

| | |
|---|---|
| **United States District Court**<br>**Central District of California** | Page <u>  3  </u> of <u>  5  </u> |

**UNITED STATES OF AMERICA**                       Docket No. CR01-358(A)/ 01-359-CAS
    vs

**Defendant**   ALBERT EDWARD TALTON           DATE:   DECEMBER 9, 2002

## JUDGMENT AND PROBATION/COMMITMENT ORDER

**continued from page 1**

The Defendant was informed of his right to appeal.
Underlying Indictment/Counts are dismissed in the interest of justice.

The Court recommends that defendant be placed in an intensive drug and alcohol treatment center in Fort Worth, Texas. In the event Fort Worth, Texas is not available, the court recommends any other facility that offers the intensive drug treatment program.

**In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.**

☐**This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.**

**Signed by: U. S. District Judge** _____     **Dated:**     **March 5, 2009**
                      **Christina A. Snyder**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

*/s/ Christina A. Snyder*

                                                   **Terry Nafisi, Clerk**

**Filed Date: March 5, 2009**                              **By**     **/S/**
                                                                               **Catherine M. Jeang, Deputy Clerk**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____ BY: _____

**C E R T I F I C A T E**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____ BY: _____
, Deputy Clerk

CR-104 (10/02)            JUDGMENT & PROBATION/COMMITMENT ORDER